IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. |
| ROSE PICKETT | § | 01-37177 |
| DEBTOR | § | |
| HALLMARK CAPITAL GROUP, LLC | § | ADV. NO. |
| PLAINTIFF | § | 06-03330 |
| vs. | § | |
| ROSE PICKETT<br>GMAC MORTGAGE CORPORATION<br>DAVID ASKANASE, as Chapter 7<br>Trustee | §<br><br>§ | |
| DEFENDANT | § | |

**MEMORANDUM OPINION ON THE DEBTOR'S MOTION TO DISMISS
ADVERSARY PROCEEDING**
(Docket No. 15)

**I. INTRODUCTION**

This Memorandum Opinion addresses the issue of whether this Court has jurisdiction to determine the validity and extent of a lien on a debtor's exempt homestead property. If this Court does have jurisdiction, it must also determine whether to abstain. Hallmark claims it has a lien on the Debtor's exempt homestead property based on the Debtor's failure to pay Hallmark for its home improvement services. In response, the Debtor claims that this Court does not have jurisdiction to hear the lien matter, and this dispute should be addressed in state court. Based on the facts and evidence presented below, this Court concludes it does have jurisdiction. However, this Court has

concluded that it should abstain from adjudicating this lawsuit. This Opinion sets forth how the Court arrived at its decision.

This Court makes the following Findings of Fact and Conclusions of Law under Federal Rule of Civil Procedure 52 as incorporated into Federal Rule of Bankruptcy Procedure 7052. To the extent that any Finding of Fact is construed to be a Conclusion of Law, it is adopted as such. To the extent that any Conclusion of Law is construed to be a Finding of Fact, it is adopted as such. This Court reserves the right to make any additional Findings and Conclusions as may be necessary or as requested by any party.

## II. FINDINGS OF FACT

1. On July 2, 2001, Rose Pickett, the Debtor (the Debtor) filed a Chapter 13 Voluntary Petition. [Case No. 01-37177, Docket No. 1], claiming as exempt property her entire homestead interest in and to that certain real property legally described as Lot 29 in Block 4 of Southmeadow Patio Homes, Section 1, a subdivision in Harris County, Texas, and more generally known as 8234 Misty Ridge Lane, Houston, Texas 77071 (the Homestead Property).

2. During the time the Debtor was in Chapter 13 bankruptcy, she contracted with Hallmark Capital Group, LLC (Hallmark) to make improvements to the Homestead Property.

3. Hallmark performed the improvements to the Debtor's Homestead Property, but the Debtor was not satisfied with Hallmark's services and refused to pay Hallmark.

4. The Debtor converted this case from Chapter 13 to Chapter 7 on January 20, 2006 [Case No. 01-37177, Docket No. 47], and neither the Trustee nor any other interested party at any time objected to the Debtors' claimed homestead exemption.

2

5. Hallmark filed a complaint for declaratory judgment to determine the validity and extent of the lien against the Homestead Property on April 11, 2006. [Adversary No. 06-03330, Docket No. 1.]

6. The Debtor filed an answer to the complaint on May 11, 2006 [Adversary No. 06-03330, Docket No. 6] and then filed a Motion to Dismiss the Adversary Proceeding (the Motion to Dismiss) on June 27, 2006 based on the premise that this Court does not have jurisdiction [Adversary No. 06-03330, Docket No 15].

7. The Debtor received a Chapter 7 discharge on May 06, 2006. [Case No. 01-37177, Docket No. 58.]

8. Hallmark filed a response to the Debtor's Motion to Dismiss on July 14, 2006. [Adversary No. 06-03330, Docket No. 16.]

9. On July 26, 2006, this Court held a hearing on the Debtor's Motion to Dismiss.

10. GMAC Mortgage was dismissed from the Adversary Proceeding on October 24, 2006 because the Debtor fully satisfied her loan to GMAC Mortgage, and therefore GMAC Mortgage no longer had any security interest in any property of the Debtor. [Adversary No. 06-03330, Docket No. 19.]

### III. CONCLUSIONS OF LAW

This Memorandum Opinion addresses the issue of whether this Court has jurisdiction to determine the validity and extent of a lien on the Debtor's exempt homestead property. The Debtor filed a Motion to Dismiss this Adversary Proceeding on the grounds that the legal issues in dispute involve only state law, and therefore this matter should be brought in state court, not bankruptcy

3

court. In response, Hallmark asserts that this matter is a core proceeding under 28 U.S.C. § 157(b)(2)(K), and accordingly that this Court has jurisdiction to adjudicate this proceeding.

### A. This Court does have jurisdiction under 28 U.S.C. § 157(b)(2)(K).

28 U.S.C. § 157(b)(2)(K) provides: "Core proceedings include, but are not limited to determinations of the validity, extent, or priority of liens." Hallmark contends that this provision applies to property of the bankruptcy estate and property of the debtor. "Hallmark concedes that the homestead is not a part of the bankruptcy estate, and not subject to the Trustee's administration." [Adversary No. 06-03330, Docket No. 16., p. 3.] Consequently, although the Debtor's property in this case is exempt from the Chapter 7 bankruptcy estate, Hallmark argues that this Court still has jurisdiction to determine the validity and extent of the lien on the homestead. Thus, the final determination of whether this is a core proceeding turns upon whether § 157(b)(2)(K) is interpreted narrowly to apply only to property of the estate or whether it is given a broader reading that includes property of the debtor.

In support of its argument, Hallmark cites *Hassett v. BancOhio Nat'l Bank (In re CIS Corp.)*, 172 B.R. 748, 759 (S.D.N.Y. 1994) (observing that "[s]ection 157(b)(2)(K) has been construed to allow bankruptcy courts to make determinations as to the validity, extent and priority of liens on the *estate's* (or at a minimum, the debtor's) property," and citing *Allis-Chalmers Corp. v. Borg-Warner Acceptance Corp. (In re Dr. C. Huff Co.)*, 44 B.R. 129, 134 (Bankr. W.D. Ky. 1984)); *see also Holland Indus. Inc. v. United States (In re Holland Indus., Inc.)*, 103 B.R. 461, 465-66 (Bankr. S.D.N.Y. 1989) (noting that bankruptcy courts have no jurisdiction to determine the validity of liens with respect to property in which the debtor has no legally cognizable interest). This Court has recently discussed this exact issue, and favorably adopted the interpretation of § 157(b)(2)(K) found

in *CIS Corp,* which includes both property of the estate and property of the debtor under § 157(b)(2)(K):

> There is a split of authority on whether the liens referred to in 28 U.S.C. § 157(b)(2)(K) must relate only to property of the estate or can also relate to property of the debtor. One line of cases follows a more lenient rule that in order for 28 U.S.C. § 157(b)(2)(K) to apply, the lien may relate to either property of the estate *or* of the debtor. *Continental Nat'l Bank v. Sanchez (In re Toledo),* 170 F.3d 1340, 1347 (11th Cir. 1999); *Hassett v. BancOhio Nat'l Bank (In re CIS Corp.),* 172 B.R. 748 (S.D.N.Y. 1994); *In re Rarick,* 132 B.R. 47, 51 (D. Colo. 1991); *In re Grell,* 83 B.R. 652, 657 (Bankr. D. Minn. 1988).
>
> The stricter line of cases holds that the lien may *only* relate to the property of the estate. *In re Dr. C. Huff Co.,* 44 B.R. 129, 134 (Bankr. W.D. Ky. 1984); *In re Climate Control,* 51 B.R. 359, 361 (Bankr. M.D. Fla. 1985); *Citibank v. Park-Kenilworth Industries,* 109 B.R. 321, 325 (N.D. Ill. 1989); *In re Coan,* 95 B.R. 87, 89 (Bankr. N.D. Ill. 1988); *In re Israel,* 112 B.R. 481, 483 (Bankr. D.Conn. 1990). The only court within the Fifth Circuit to address this issue followed this latter approach, limiting the scope of 28 U.S.C. § 157(b)(2)(K) to property of the estate, but not property of the debtor. *In re Jeter,* 48 B.R. 404, 406 n.1 (Bankr. N.D. Tex. 1985).
>
> Other subsections of 28 U.S.C. § 157(b)(2) include explicit references to either "property of the estate" (28 U.S.C. § 157(b)(2)(E)) or "claims against the estate" (28 U.S.C. § 157(b)(2)(B) and (C)), but 28 U.S.C. § 157(b)(2)(K) is silent as to any limitation on either property of the estate or of the debtor. *See In re Blackman,* 55 B.R. 437, 447 n.8 (Bankr. D.C. 1985). The need for limits on 28 U.S.C. § 157(b)(2)(K) arises from the fact that a plain reading without any limitations would allow bankruptcy courts to assert "a form of jurisdiction *ferae naturae,* capable of the rampant adjudication of property rights wherever found and by whomever owned." *In re Huff,* 44 B.R. at 134. However, this policy consideration is served equally by including liens on property of the debtor in addition to property of the estate. Therefore, this Court disagrees with *In re Jeter,* the only court within the Fifth Circuit addressing this point, and believes that the more persuasive approach includes liens on property of the debtor under 28 U.S.C. § 157(b)(2)(K).

*Veldekens v. GE HFS Holdings, Inc. (In re Doctors Hosp. 1997, L.P.)*, 351 B.R. 813, 844-45 (Bankr. S.D. Tex. 2006).[1]

This Court's view of the law as set forth in *Veldekens* remains unchanged. Therefore, since the lien which is this subject of this Adversary Proceeding is on the Debtor's exempted homestead, and § 157(b)(2)(K) includes liens on property not just of the bankruptcy estate but also on property of the debtor, this Adversary Proceeding is a core proceeding, and this Court has jurisdiction over it.

### B. Permissive abstention is appropriate.

Although this Court holds that it does have jurisdiction, this Court also believes that it should abstain. "Once a determination of whether the proceeding is core or non-core has been made, the court should look to several factors to determine if abstention is appropriate." *Gilbane Bldg. Co. v. Air Sys. Inc. (In re Encompass Servs. Corp.)*, 337 B.R. 864, 878 (Bankr. S.D. Tex. 2006). These factors include:

1. the effect or lack thereof on the efficient administration of the estate if the court recommends [remand or] abstention;
2. extent to which state law issues predominate over bankruptcy issues;
3. difficult or unsettled nature of applicable law;
4. presence of related proceeding commenced in state court or other nonbankruptcy proceeding;
5. jurisdictional basis, if any, other than § 1334;
6. degree of relatedness or remoteness of proceeding to main bankruptcy case;

---

[1] On similar circumstances as the present case, a bankruptcy court in the Western District of Texas reached the opposite conclusion–that it lacked subject matter jurisdiction–without explicitly adopting a position on § 157(b)(2)(K). *Poole v. Money Mortgage Corp. of Am. (In re Hofmann)*, 248 B.R. 79, 84-85 (Bankr. W.D. Tex. 2000). The court stated, "what makes validity, priority and extent of liens a core matter is the need to resolve lien status in order to distribute estate assets, or to resolve lien dispute issues on exempt property in chapter 13 cases in order to develop a viable plan." *Id.* Although this opinion seems to state that § 157(b)(2)(K) only relates to property of the estate, it only implies that is the case. Additionally, the court went on to discuss its jurisdiction under 28 U.S.C. § 1334(c)(2). The considerations of that court are all included within this Court's analysis of permissive abstention *infra*. It is worth noting that by granting abstention in this case, this Court and the court in *Hofmann* essentially reached identical results based on very similar facts simply by using different approaches.

7.  the substance rather than the form of an asserted core proceeding;
8.  the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court;
9.  the burden of the bankruptcy court's docket;
10. the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties;
11. the existence of a right to a jury trial;
12. the presence in the proceeding of nondebtor parties;
13. comity; and
14. the possibility of prejudice to other parties in the action.

*Id.* (quoting *Broyles v. U.S. Gypsum Co.*, 266 B.R. 778, 785 (E.D. Tex. 2001) (additional citations omitted).

After considering these factors, this Court finds that permissive abstention is appropriate. Regarding the first factor, the debtor has already received a discharge in her Chapter 7 case; thus, there is no longer an estate. Without a bankruptcy estate in existence, this factor favors abstention. Second, there are no bankruptcy issues that need to be addressed in this case. Therefore, state law predominates and this factor favors abstention. Third, the applicable law is not unsettled or particularly difficult. Rather, the applicable state law can easily determine the extent of the creditor's lien on the Debtor's homestead; thus, this factor does not favor abstention As to the fourth factor, there are no other related proceedings commenced in state court or that are of a non-bankruptcy character; so this factor also does not favor abstention. Fifth, besides 28 U.S.C. § 1334, as discussed above, this suit is a core proceeding under 28 U.S.C. § 157(b)(2)(K), and therefore this factor does not favor abstention.

Sixth, despite being a core proceeding, this case is not closely related to the main bankruptcy case because the Debtor has already received a discharge, and the subject liens are only on property exempt from the estate. Therefore, this factor favors abstention. Seventh, this is a core proceeding

as explained *supra*, and therefore this factor does not favor abstention. Eighth, because there are no bankruptcy matters, and there are only state law claims, this factor favors abstention. Ninth, although this Court's docket is clearly capable of hearing this matter, it is a clearly a state law claim, and therefore it is not necessary that this Court's docket be burdened by this matter. Therefore, this factor favors abstention.

Tenth, forum shopping is not an issue of concern on the part of either party. Hallmark commenced this proceeding in bankruptcy court as it contends it is a core proceeding. Moreover, it is reasonable for the Debtor to desire the removal of the proceeding to state court for the purpose of receiving a jury trial. Therefore, this factor favors abstention. Eleventh, the Debtor conceded at the hearing that the right to a jury trial has likely been waived by filing an answer in this Court. Therefore, this factor does not favor abstention. Twelfth, Hallmark is the only creditor and non-debtor party present in this proceeding. Since the Debtor is a party to this Adversary Proceeding, this factor does not favor abstention. Thirteenth, federal courts must show deference to state courts. Here, there are no bankruptcy matters present and the claims are entirely state law claims. Accordingly, this factor favors abstention so that a Texas state court may interpret and enforce Texas state laws.

Finally, if this Court abstains, and Hallmark is forced to file in state court, there was some mention at the hearing that the statute of limitations would bar the Debtor from bringing counterclaims for fraud or misrepresentations under the Texas Deceptive Trade Practices Act. The Debtor, as the defendant and the movant of the Motion to Dismiss, is the party asking this Court to dismiss this Adversary Proceeding, which would presumably cause the Plaintiff to file this same claim in a Texas state court. This Court believes that there will not be a statute of limitations

problem with any of the Debtors' counterclaims because of the operation of 11 U.S.C. § 108. However, even if there is a statute of limitations problem with a claim of the Debtor, she is the party seeking to leave this Court's jurisdiction. Additionally, the Plaintiff's claim is simply seeking to enforce and foreclose upon a lien, and therefore no statute of limitations problems should arise. Thus, this last factor also favors abstention.

The Court must give individual consideration and weight to each of these factors, and although the analysis is not mathematical, it is relevant to point out that this Court found eight factors favoring abstention and six factors against. The decision to abstain is clearly a close call. Of particular importance in this Court's determination to abstain is the fact that this is essentially a state law claim involving the Debtor's exempt property in a case where she has already received a discharge. Although this Court has jurisdiction over this adversary proceeding, it simply does not have a significant enough interest in adjudicating the suit to stop it from being tried in state court. Additionally, this Court took careful notice of the fact that no parties should be prejudiced if this suit is filed again in state court. After careful analysis of all the factors, this Court finds that permissive abstention is appropriate.

## IV. CONCLUSION

An Order Granting the Debtor's Motion to Dismiss Adversary Proceeding will be entered on the docket simultaneously with the entry on the docket of this Memorandum Opinion.

SIGNED on this the 12th day of February, 2006.

Jeff Bohm
United States Bankruptcy Judge